DANIEL G. BOGDEN
United States Attorney
District of Nevada
MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: michael.humphreys@usdoj.gov
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) 2:12-CV-885-APG-(CWH) |
| 2002 MERCEDES-BENZ CLK 55 VIN NO. WDBLK74G32T111035, | ) **ORDER** |
| Defendant. | ) |

**UNITED STATES MOTION TO DISMISS**
**THE ANSWER OF DELYANA NEDYALKOVA (ECF NO. 6)**

The Plaintiff, United States of America, moves this Court to dismiss the answer of Delyana Nedyalkova in the above-captioned case because she has failed to file a verified claim pursuant to Supplemental Rule G(5). Rule G(5) and its interpretive case law, cited herein, make filing a verified claim an indispensable component to establish standing in civil forfeiture actions.

**BACKGROUND AND FACTS**

From 2008 to 2011, Eduard Petroiu and others were engaged in a massive fraud where the conspirators would offer cars, trucks and other conveyances for sale over the internet that did not exist or did not belong to the conspirators to sell. Relying on the schemers' false promises, hundreds of unwitting buyer/victims sent money to the conspirators expecting to receive a car, or other type of conveyance, that was never delivered. Once targeted by law enforcement, the conspirators' fraud

scheme came to a swift end, culminating in their indictment in December 2011.  A superseding indictment was returned against the defendants in October 2012.  Delyana Nedyalkova (hereinafter, "Nedyalkova") was one of the conspirators and pled guilty to Conspiracy to Commit Wire Fraud on November 25, 2013, and was sentenced on February 28, 2014.  All but one of the 17 conspirators have pled guilty and have been sentenced.

On June 18, 2012, the Government personally served Nedyalkova, by and through her attorney Herbert Sachs, Esq., with the Complaint, the Order for Summons and Warrant of Arrest *In Rem* for the Property, the Summons and Warrant of Arrest in Rem for the Property, and the Notice. Notice of Filing Service of Process, (ECF No. 8, p. 34-49).

On July 9, 2012, Nedyalkova, by and through her attorney Herbert Sachs, Esq., filed an Answer to Plaintiff's Complaint for Forfeiture with the Court. (ECF No. 6).

On July 9, 2012, Nedyalkova, by and through her attorney Herbert Sachs, Esq., filed a Certificate of Interested Parties with the Court. (ECF No. 7).

On July 26, 2012, the Government personally served Nedyalkova with the Complaint, the Order for Summons and Warrant of Arrest *In Rem* for the Property, the Summons and Warrant of Arrest in Rem for the Property, and the Notice. (ECF No. 8, p. 18-33).

The Notice described in plain terms how a putative claimant should go about filing a claim and answer and the time deadline for doing so.  Based on the notice that both Nedyalkova and her attorney received, she should have filed her claim no later than August 29, 2012.  However, Nedyalkova has never filed a claim.

As discussed below, by filing ONLY an answer, Nedyalkova failed to comply with the clearly-worded, mandatory requirements of Supplemental Rule G(5) and (6).  As a result, caselaw both within and outside of this Circuit mandates that her Answer must be dismissed.

. . .

. . .

. . .

2

# ARGUMENT

### A. Nedyalkova Must File a Rule G(5) Verified Claim to Establish Statutory Standing

A third-party litigant seeking to benefit from a forfeiture judgment has the burden to prove that s/he has a "legal interest" in the forfeited property to establish standing. *United States v. Timley,* 507 F.3d 1125, 1129-30 (8th Cir. 2007); *United States v. Salti*, 579 F.3d 656, 667 n. 11 (6th Cir. 2009) (claimant has the burden of proof on the standing issue). In addition, the claimant must strictly comply with any and all requirements of the forfeiture rules before his or her claim can be recognized. *United States v. Real Property and Premises Known as 323 Forrest Park Drive,* 2013WL 1316035 (6th Cir. April 2, 2013); *United States v. Mack 600 Dump* Truck, 680 F. Supp. 2d 816, 825 (E.D. Mich. 2010).

To qualify as valid claimant, Nedyalkova must show that she has satisfied both the statutory and constitutional standing requirements. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989) ("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential matter." *Id.* at 1148). Statutory standing is satisfied by showing strict compliance with the pleading requirements of Rule G(5), Supplemental Rules for Admiralty and Maritime Claims. *United States v. $5,730.00*, 109 Fed. Appx. 712, 713 (6th Cir 2004). Colloquially stated, a claimant has to comply with all of the procedural requirements of the statute that authorizes him or her to file a claim. Constitutional standing means that the Claimant must show that s/he has an actual imminent injury, not a hypothetical, conjectural or abstract injury. *United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th Cir. 2007). In other words, the claimant must "show that she has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." *United States v. 8 Gilcrease Lane,* 641 F. Supp. 2d 1, 5-6 (D.D.C. 2009). In this case, Nedyalkova has proven neither.

The case law is unambiguous on the issue of obligatory conformity to the rules of procedure as a prerequisite to achieving standing in a forfeiture action: a putative claimant lacks statutory standing if s/he fails to comply with the pleading requirements of Supplemental Rules G(4) and G(5). *United States v. Real Property Located at 4527-4535 Michigan Avenue,* 489 Fed. Appx. 855 (6th Cir. 2012).

Specifically, Supplemental Rule G(4)(b)(ii)(B) requires a putative claimant to file a verified claim within thirty-five days of receiving notice from the Government. Not only did Nedyalkova fail to meet the time element of the statute, she failed to file a verified claim at all. Nedyalkova can hardly plead ignorance of the obligations imposed by that statute, because the Notice she received lies out in plain language, her legal responsibility to file a claim within thirty-five days. Moreover, Nedyalkova was aided by counsel, who filed an answer on her behalf and who presumably knew, or should have known, of the requirement that a verified claim be filed, especially since he was also served with written Notice that spelled out the mandatory filing requirements of Rule G(5). *See* Docket Entry No. 8, pp. 34-49.

Numerous courts have ruled that claims filed after the 35-day deadline will be dismissed. *United States v. Alvarez*, 710 F.3d 567-68 (5th Cir. 2013); *United States v. Osborn*, 357 Fed Appx. 109, 109-110 (9th Cir. 2009); *United States v. Grossman,* 501 F. 3d 846, 848-49 (7th Cir. 2007). As these cases make clear, Nedyalkova's failure to plead within the statutory time deadline constitutes a legitimate basis to dismiss her answer.

In summary, to prove statutory standing, a putative claimant must satisfy the pleading requirements of the statute that authorizes him or her to file a claim. As such, in this case, Nedyalkova must prove that she has complied with each element of Rule G(5) of the Supplemental Rules. To do so her claim must:

        A)    identify the specific property claimed*;*

        B)    identify the claimant and state the claimant's interest in the property;

        C)    be signed by the claimant under penalty of perjury; and,

        D)    be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Because Nedyalkova has not filed a verified claim, she has failed to meet any of the four elements above. Collaterally, because Nedyalkova did not satisfy the indispensable requirements of Rule G(5), she is not entitled to relief and, therefore, cannot show an actual injury that would imbue her

with constitutional standing, as required by *Lazarenko, supra*.  In other words, her non-compliance with the statutory standing *per force* negates her Constitutional standing as well.

### B. Nedyalkova's Lack of a Claim Violates A Basic Statutory Requirement

The language of Rule G(5) plainly states that third-party claims must be filed under penalty of perjury.  As this Court can readily discern by examining the docket, Nedyalkova has not filed a claim, verified or otherwise.

Moreover, simply filing an answer, as Nedyalkova did here does not suffice to satisfy the exacting element of Rule G(5) to file **both** a claim **and** an answer.  Unlike verified claims, answers are not sworn to and cannot attest to the veracity of the substantive representations contained therein.  Only a claim filed under penalty of perjury can do that.  That is why courts have consistently ruled that filing a claim under penalty of perjury is not a mere technicality but is designed to eliminate the real danger of false claims. *United States v. Aitken,* 2010WL2951171 (D. Nev. July 22, 2010) ("[V]erification is an essential element of any claim because of the substantial danger of false claims.  Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.") *See also United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010); *United States v. Owens*, 2010WL583910 (S.D. Ind. 2010).[1]

Insisting on verified claims is not an abstract, arbitrary or artificial barrier to confound putative litigants; but, instead, offers a practical safeguard against frivolous claims being filed.  "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *United States v. Commodity Account No. 549 54930,* 219 F.3d 595, 597 (7th Cir. 2000).  The Ninth Circuit takes the same view.  "We do not minimize the significance of the requirement that a claim be verified on oath or solemn affirmation. We have recognized that the danger of false claims is substantial." *United States v. 1982 . . .*

---

[1] We parenthetically note that the Claimant has also filed a document identified as a "Certificate of Interested Parties." (ECF No. 7).  That document does not, and cannot, substitute for a verified claim because it was signed by the Claimant's attorney rather than Claimant herself and because it was not filed under penalty of perjury.

*Yukon Delta Houseboat,* 774 F.2d 1432, 1436 (citation omitted).

Even a notarized claim is insufficient.

> The claim of ownership filed by claimants' attorney failed to include any formal affirmation of the truthfulness of the statements contained in the claim. Nowhere in the claim did the [claimants] or their attorney attest to or swear that the statements contained therein were true. Thus, even though the claim was notarized, it was not verified within the meaning of Rule C(6). Accordingly, the [claimants] lacked statutory standing to bring their claim, and the district court properly granted the government's motion to strike.

*United States v. $103,387.27,* 863 F.2d 555, 560-61 (7th Cir. 1988).

Here, Nedyalkova's Answer is insufficient because she failed to file it with the accompanying claim under penalty of perjury, which, as stated above, is an express statutory obligation to establish standing. *United States v. Aiken*, 2010WL2951171 (D. Nev. 2010).

**CONCLUSION**

In summary, Nedyalkova's Answer should be stricken and dismissed because without an accompanying verified claim it fails to meet the basic pleading requirement embodied in Rule G(5) that requires filing a claim under penalty of perjury within the 35-day deadline.

Respectfully submitted this 14th day of October 2014.

                                DANIEL G. BOGDEN
                                United States Attorney

                                */s/ Michael A. Humphreys*
                                MICHAEL A. HUMPHREYS
                                Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: January 9, 2014

7